1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN RODRIGUEZ,

11            Petitioner,              No. CIV S-05-2013 JAM DAD P

12        vs.

13   M.A. MUNTZ, et al.

14            Respondents.            ORDER

15   _____/

16        Petitioner is a former state prisoner proceeding through appointed counsel with an

17   application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In 1983 petitioner was

18   convicted of second degree murder and sentenced to seventeen years-to-life in state prison.

19   (Answer, Ex. 1.)  In his habeas petition pending before this court, petitioner challenges the 2004

20   decision of the Board of Prison Terms to deny him parole.[1]

21        At the outset of this action on October 6, 2005, petitioner was incarcerated at

22   Chuckawalla Valley State Prison in Blythe, California.  However, on November 30, 2009,

23   respondent filed a notice of release on parole advising the court that petitioner had been released

24   on parole on November 23, 2009, as a result of a 2009 parole consideration hearing.  (Doc. No.

25   _____
         [1] California has since replaced the Board of Prison Terms with the Board of Parole
26   Hearings.  See California Penal Code § 5075(a).

1

19.)  Petitioner's apparent release from custody raises a question as to whether this habeas action has been rendered moot.  See Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001) (a case loses its quality as a "present, live controversy" and becomes moot when there can be no effective relief).

In McQuillon v. Duncan, 306 F.3d 895, 912 (9th Cir. 2002) ("McQuillon I"), the court determined that the appropriate remedy to be granted to a state prisoner whose parole date had been rescinded in violation of due process was immediate release.  In that case there had been at least a three-year delay between the constitutional injury, i.e. the illegal restraint, and the grant of habeas relief.  McQuillon v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) ("McQuillon II").  Thus, in response to the California Attorney General's later assertion that the appropriate relief was instead release to a state-mandated three-year period of parole, the Ninth Circuit explained:

> This argument overlooks the fact that if McQuillon had been released on the date to which he was entitled, he would have been released in May 1994.  The three-year parole, which he would have been required to serve if he had been released on time, has long since expired.

McQuillon II, 342 F.3d at 1015.  Therefore, under the decisions in McQuillon I and McQuillon II, it appeared that in such cases the available federal habeas relief extended not only to addressing imprisonment, but also to addressing restrictions on liberty imposed as a condition of release on parole.  Id.; see also Martin v. Marshall, 448 F.Supp.2d 1143, 1145 (N.D. Cal. 2006) (concluding that the additional time petitioner was required to serve in prison should be deducted from his parole period); Thompson v. Carey, No. CIV. S-05-1708 GEB EFB P, 2009 WL 1212202, at *5 (E.D. Cal. May 5, 2009) ("[T]his court finds that petitioner is entitled to be placed in the position he would have been in had he been released on time."); Carlin v. Wong, No. C 06-4145 SI, 2008 WL 3183163, at *2 (N.D. Cal. Aug. 4, 2008) ("Here, petitioner is entitled to credit against his parole period for his time in confinement that was in violation of his due process rights.  Had respondent not violated petitioner's due process rights by denying parole on

1   December 15, 2003, petitioner would have been released when the parole suitability

2   determination became final after the 150 day review period."); Bush v. Solis, No. C04-1823

3   MHP, 2004 WL 2600141, at *2 (N.D. Cal. Nov. 16, 2004) ("This court's power to grant habeas

4   relief includes the ability to . . . change the conditions of his supervised release").

5           However, the California Supreme Court recently held that under the California

6   Constitution, only the executive branch has the authority to make parole-suitability

7   determinations.  In re Prather, 50 Cal. 4th 238, 253 (2010).  The court concluded that to avoid

8   infringing on executive branch authority, a proper order granting habeas relief where the "some

9   evidence" requirement was not properly applied should require the Board to "proceed in

10  accordance with due process of law" and not "direct the Board to reach a particular result or

11  consider only a limited category of evidence in making the parole suitability determination."  Id.

12  In turn, the Ninth Circuit Court of Appeals has concluded that in light of the duty of the federal

13  courts to enforce liberty interests as they are defined by state law, a federal habeas court may not

14  grant a remedy in excess of that determined to be adequate to address a due process violation

15  under California law by the high court of that state.  Haggard v. Curry, 623 F.3d 1035, 1041-43

16  (9th Cir. 2010).

17          In light of petitioner's 2009 release on parole, the question presented is whether

18  there is any remaining remedy that would not be in excess of that determined to be adequate to

19  address the alleged due process violation under California law.  See Soza v. Curry, Nos. C 09-

20  2520 MHP (pr), C 10-501 MHP (pr), 2010 WL 4807085, at *2 (N.D. Cal. Nov. 19, 2010)

21  (finding that the decision in Haggard leads to the conclusion that petitioner's release on parole

22  renders moot his federal habeas petitions challenging earlier parole denials on due process

23  grounds); Willis v. Curry, No. C 08-3355 MHP (pr), 2010 WL 4595560, at *2 (N.D. Cal. Nov. 5,

24  2010) (same).

25          In light of the decisions cited above, the court will direct petitioner and respondent

26  to address the impact of petitioner's 2009 release on parole on his federal habeas petition pending

1   before this court.

2          Accordingly, it is ORDERED that:

3          1.  Petitioner shall file a brief with the court within twenty-one days of the filing

4   of this order addressing whether federal habeas relief is still available to petitioner in light of his

5   release on parole or whether this action has been rendered moot by his release from prison;

6          2.  Respondent shall file, no later than fourteen days thereafter a reply to

7   petitioner's brief; and

8          3.  Petitioner may file, no later than seven days after the filing of respondent's

9   brief, a reply.

10  DATED: December 1, 2010.

11

12  _____

13  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

14  DAD:6
    rodriguez2013order.hc

15

16

17

18

19

20

21

22

23

24

25

26