IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN RODRIGUEZ,

    Petitioner,                               No. CIV S-05-2013 JAM DAD P

    vs.

M.A. MUNTZ, et al.

    Respondents.                          FINDINGS & RECOMMENDATIONS

/

        Petitioner is a former state prisoner proceeding through appointed counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas petition, petitioner challenges the 2004 decision by the Board of Prison Terms[1] denying him parole.

        On November 30, 2009, respondent filed with this court a notice of release on parole indicating that petitioner had been paroled on November 23, 2009, as a result of his 2009 suitability hearing. (Doc. No. 19.) On December 2, 2010, the undersigned directed the parties to file briefs addressing whether federal habeas relief was still available to petitioner in light of his release on parole or whether this action had instead been rendered moot by his release. (Doc. No 20.) Counsel for petitioner responded on December 6, 2010, informing the court that petitioner

---

[1] California has since replaced the Board of Prison Terms with the Board of Parole Hearings. See California Penal Code § 5075(a).

1

had no objection to the dismissal of the petition on the ground that it had been rendered moot by his subsequent release from prison on parole.  (Doc. No. 21.)

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward, 603 F.3d at 554 (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: December 8, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
rodriguez2013frs